[No. 14036.  Department One. — July 10, 1891.]

## W. H. YOUNG, RESPONDENT, v. M. G. AGUIRRE, APPELLANT.

SALE OF PERSONAL PROPERTY — STATUTE OF FRAUDS — DELIVERY AND
CHANGE OF POSSESSION — ATTACHMENT — REPLEVIN — FINDING — SUF-
FICIENCY OF EVIDENCE. — Where the evidence is sufficient to justify a
finding that a transfer of personal property attached as the property of
the vendor was accompanied by an immediate delivery to the vendee,
and an actual and continued change of possession prior to the attach-
ment, a judgment in favor of the vendee for the recovery of possession
of the property from the sheriff who attached it will be affirmed.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*John Haynes,* and *Jesse F. Waterman,* for Appellant.

*H. H. Appel,* and *Willis & Appel,* for Respondent.

VANCLIEF, C. — The action is for the recovery of
the possession of personal property alleged to have been
wrongfully taken from the plaintiff by the defendant.

The defendant, being a sheriff, justifies the taking of
the property by virtue of a writ of attachment against
one Cooke, alleging that the property belonged to Cooke
and was subject to the attachment.

Trial by jury, verdict and judgment for plaintiff.

Defendant appeals from the judgment, and from an
order denying his motion for a new trial.

The plaintiff claims the property by purchase from Cooke, made forty days prior to the attachment.

The appellant makes two points: 1. That the evidence does not justify the verdict of the jury, in that it fails to show that the alleged transfer of the property from Cooke to plaintiff was accompanied by an immediate delivery, and followed by an actual and continued change of possession; and 2. That the verdict is against law, for the reason that the jury must have disregarded an instruction of the court, as follows: "If you find that there was no actual, open, unequivocal change of pos-ession, carrying with it the usual marks and indications of ownership, manifested by such outward signs as would render it evident to the world that the possession of Cooke had wholly ceased, and that the claims of the vendee were absolute, then you shall find for the defendant."

The two points are substantially the same, and present only the single question: Does the evidence justify a finding that the transfer was accompanied by an immediate delivery, and followed by an actual and continued change of possession?

This question should be answered affirmatively; and appellant's claim to the contrary is not sufficiently plausible to justify a statement of the evidence here.

I think the judgment and order should be affirmed.

BELCHER, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.